UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RONALD HANSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:19-cv-00393-JDL |
| | ) |
| CORRECTIONAL HEALTH | ) |
| PARTNERS, LLC, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON MOTIONS TO DISMISS**

In this action, Plaintiff, a former inmate at the Kennebec County Correctional Facility, alleges that Defendants violated his constitutional rights and his rights under state and federal law when medical treatment was administered to him performed at the jail on October 2, 2015. (Complaint, ECF No. 1.) The matter is before the Court on the motions to dismiss of Defendants Correctional Health Partners, LLC, Jeff Archambeau, Dr. Jennifer Mix, Dee Butler, and Dr. Teresa Mayer (collectively, the "CHP Defendants") and, separately, of Defendant Kimberly Vigue. (Motions, ECF Nos. 8, 9.)[1]

After review of the complaint and the parties' submissions, I recommend the Court dismiss the motions as moot with respect to counts 5 through 10 of Plaintiff's complaint and grant the CHP Defendants' motion to dismiss any vicarious liability claim Plaintiff has asserted against the CHP Defendants in counts 1 through 4 of the complaint.

---

[1] Defendant Tim Canham has not yet been served with the complaint. The Court granted Plaintiff's motion to extend the time to complete and file proof of service on Defendant Canham (ECF No. 27) to March 14, 2020. (ECF No. 28.)

**BACKGROUND**

The facts set forth below are derived from Plaintiff's complaint. (ECF No. 1.) Plaintiff's factual allegations are deemed true when evaluating a motion to dismiss. *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017).

Plaintiff alleges that on October 2, 2015, while he was an inmate at the Kennebec County Correctional Facility, he was assaulted by Defendant Vigue, a nurse employed by Defendant Correctional Health Partners, LLC[2] when Defendant Vigue improperly performed an unauthorized medical procedure on him and otherwise made offensive physical contact and comments. (Complaint ¶¶ 35-36, 38, 40-41.) Plaintiff further asserts that as a result of Defendant Vigue's actions, he suffered a permanent injury. (*Id.* ¶¶ 44-46.)

Plaintiff asserts claims under the Civil Rights Act (42 U.S.C. § 1983) for alleged violations of the Fourth, Eighth and Fourteenth Amendments, the Maine Human Rights Act, the Americans with Disabilities Act, and state common law.

**STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, a court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences

---

[2] Correctional Health Partners, LLC is a wholly owned subsidiary of Physician Health Partners, LLC. Physician Health Partners, LLC, which was also named as a defendant in this matter, moved to dismiss (ECF No. 12), which motion the Court granted on November 26, 2019. (ECF No. 15.)

therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, a plaintiff must establish that his allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim at issue. *Id.* The complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## DISCUSSION

### A. Plaintiff's Claims in Counts 5 through 10 of the Complaint

The CHP Defendants and Defendant Vigue argue that the claims asserted by Plaintiff' in counts 5 through 10 of his complaint—asserting claims under the Maine Human Rights Act and Title II of the Americans with Disabilities Act, and claims for common law negligence, assault and battery, and intentional infliction of emotional distress—are barred by the applicable statutes of limitations. In response to the motion to dismiss, Plaintiff asks the Court to dismiss counts 5 through 10 of his complaint without prejudice.[3]

---

[3] Plaintiff objects to Defendants Vigue and Canham joining in the arguments of the CHP Defendants. (*See* ECF No. 18, at 1.) As noted, Defendant Canham has not yet been served with the complaint and, therefore, he has not appeared in this matter. Defendant Vigue, however, expressly joined in the motion to dismiss filed by the CHP Defendants and has adopted "by reference the arguments and statements presented in the motion to dismiss and incorporated memorandum of law filed by the CHP Defendants" with respect to counts 5-8, 10, and 9 to the extent Plaintiff's claim for negligent supervision, retention and training in count 9 applies to her. (ECF No. 9 at 1-2.)

Rule 41 of the Federal Rules of Civil Procedure permits a plaintiff to dismiss "an action" voluntarily without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," or by filing "a stipulation of dismissal signed by all parties who have appeared." F.R. Civ. P. 41(a)(1)(A). Unless the notice or stipulation provide otherwise, such a dismissal is without prejudice. F.R. Civ. P. 41(a)(1)(B).

Rule 41 has been construed to "only permit[] complete dismissal of an 'action,' not partial dismissal of 'fewer than all the claims.'" *Featherston v. District of Columbia*, 910 F. Supp. 2d 1, 11 (D.D.C. 2011). *See also Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 687 – 90 (9th Cir. 2005) (plaintiff cannot dismiss even with court approval fewer than all claims under Rule 41(a)(2)); *Sudnick v. Dep't of Defense*, 474 F. Supp. 2d 91, 95 n.3 (D.D.C. 2007) (Rule 41 "cannot be invoked to eliminate 'fewer than all of the claims against any particular defendant'" (quoting 8 Moore's Federal Practice § 41.21[1] (3d ed. 1997)). Because Plaintiff seeks to dismiss only particular counts of his complaint against defendants who would remain in the case, he cannot voluntarily dismiss the claims.

Plaintiff's request to dismiss certain claims can properly be considered as a request to amend his complaint. *See Featherston*, 910 F. Supp. 2d at 11. The Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). That is, in "the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the

part of the movant, … undue prejudice to the opposing party …, [or] futility …, the leave sought should, as the rules require, be 'freely given.'" *Forman v. Davis*, 371 U.S. 178, 182 (1962). This case is at a relatively early stage. In fact, because the CHP Defendants moved to dismiss and because Defendant Canham has not yet been served, the Court has not issued a scheduling order. Under the circumstances, the Court discerns no reasonable basis to deny Plaintiff the opportunity to amend his complaint. Accordingly, the Court grants Plaintiff leave to amend and Plaintiff's complaint is amended to remove counts 5 through 10.

**B.     Plaintiff's Claims Against the CHP Defendants**

Plaintiff in part alleges the CHP Defendants are "vicariously liable" for the conduct of Defendant Vigue. (Complaint ¶¶ 62, 71, 81, 90.) However, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Accordingly, to the extent Plaintiff assert claims against the CHP Defendants based on vicarious liability, dismissal of the claims is appropriate.

Plaintiff's allegations against the CHP Defendants, however, are not limited to a claim of vicarious liability. He also asserts a supervisory liability claim. Plaintiff alleges that the CHP Defendants had (1) a custom and practice of granting Defendant Vigue unspecified "special privileges" (Complaint ¶ 29); (2) a custom and practice that allowed Defendant Vigue and CHP staff to violate the federal and state rights of inmates (*id*. ¶ 48); (3) a policy, custom and practice of failing to train CHP staff, including Defendant Vigue, on protecting

inmates' federal and state rights (*id.* ¶¶ 49, 61, 70, 80, 89); and (4) a custom and practice that enabled Defendant Vigue to disregard Plaintiff's rights (*id.* ¶ 59). Plaintiff also alleges "CHP staff … knew [Defendant] Vigue was abusing inmates." (Complaint ¶ 51.)

Plaintiff asserts his claims pursuant to 42 U.S.C. § 1983, which provides

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999). To the extent Plaintiff asserts a § 1983 claim against an individual defendant, Plaintiff's allegations must support a finding that the individual, through his or her individual actions, violated Plaintiff's constitutional rights. *Ashcroft v. Iqbal,* 556 U.S. 662, 676–77 (2009). In other words, each defendant is entitled to an individualized assessment as to whether Plaintiff has asserted an actionable claim against that defendant.

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* "This does not mean, however, that for section 1983 liability to attach, a supervisor must directly engage in a subordinate's unconstitutional behavior." *Guadalupe-Baez v. Pesquera*, 819 F.3d 509, 515 (1st Cir. 2016). "[L]iability may attach 'if a responsible official supervises, trains, or hires a subordinate with deliberate indifference toward the possibility that deficient performance of the task eventually may contribute to a civil rights deprivation." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009) (quoting *Camilo–Robles v. Zapata*, 175 F.3d 41, 44 (1st Cir.1999)); *see also Pineda v. Toomey*, 533 F.3d 50, 54 (1st Cir. 2008) (liability for "supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference" toward unconstitutional conduct of others).

To succeed on a theory of deliberate indifference, a plaintiff must show (1) a grave risk of harm, (2) the defendant's actual or constructive knowledge of that risk, and (3) the defendant's failure to take easily available measures to address the risk. *Figueroa-Torres v. Toledo-Davila*, 232 F.3d 270, 279 (1st Cir. 2000). Deliberate indifference "is a stringent standard of fault, requiring proof that a [government] actor disregarded a known or obvious consequence of his action." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 410–11 (1997). In addition to showing deliberate indifference, "[c]ausation remains an essential element," which "contemplates proof that the supervisor's conduct led inexorably to

the constitutional violation." *Guadalupe-Baez*, 819 F.3d at 515. "That is a difficult standard to meet but far from an impossible one. . ." *Id.* Isolated instances of unconstitutional activity ordinarily will not suffice, but "a plaintiff may, for example, prove causation by showing inaction in the face of a 'known history of widespread abuse sufficient to alert a supervisor to ongoing violations.'" *Id.* (quoting *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 582 (1st Cir.1994).

Here, Plaintiff has satisfied the pleading requirement for a supervisory claim. For instance, he has alleged that Defendant Vigue was under the supervision of the CHP Defendants, and that Defendant Vigue "was permitted to intimidate and instill fear upon inmates to force them to comply with [her] orders." (Complaint ¶ 39.) Plaintiff also asserts that the CHP Defendants "fostered a custom and policy that failed to train" the CHP Defendants in the administration of medication and use of force. (*Id.* ¶ 50.) He further alleges that "CHP staff walked away and failed to intervene even though they knew [Defendant Vigue] was abusing inmate rights." (*Id.* ¶ 51.) In short, Plaintiff's allegations are sufficient to state an actionable claim against the CHP Defendants.

## CONCLUSION

Based on the foregoing analysis, I grant Plaintiff's request to amend his complaint to remove counts 5 through 10 of his complaint. I also recommend that the Court dismiss as moot Defendant Vigue's motion to dismiss (ECF No. 9), and the CHP Defendants' motion to dismiss (ECF No. 8) counts 5 through 10 of the complaint. I further recommend the Court

8

grant the CHP Defendants' motion to dismiss Plaintiff's claims of vicarious liability, but otherwise permit Plaintiff to proceed on the claims asserted against the CHP Defendants in counts 1 through 4 of the complaint.

## **NOTICE**

Any objections to the order granting Plaintiff's request for leave to amend his complaint shall be filed, in accordance with Federal Rule of Civil Procedure 72, within 14 days of being served with a copy of the order.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of February, 2020.